USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-2006 CHAMPION PRODUCTS INC., Plaintiff, Appellee, v. ARTINE ASDOURIAN, ETC., ET AL., Defendants, Appellees. ____________________ BENTON SILVER, d/b/a Variety Wholesalers, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Steven R. Whitman on brief for appellant. _________________ Mark Schonfeld, Nicholas J. Psyhogeos, and Sherburne, Powers & _______________ ______________________ ____________________ Needham, P.C. on brief for appellee Champion Products Inc. _____________ ____________________ December 16, 1997 ____________________ Per Curiam. We have reviewed the record on appeal and __________ the submissions of the parties. Appellant Benton Silver ("Silver") conceded liability under the Lanham Act, 15 U.S.C. 1051 et seq., and now challenges the court's calculation __ ____ of damages and attorney's fees against him. We find no abuse of discretion in the calculation of damages. See 15 U.S.C.  ___ 1117(a). Where an award based on profits would be inadequate, "the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case." 15 U.S.C. 1117(a). Where a defendant has acted fraudulently and/or "palmed off" inferior goods, the court may assess damages based on an unjust enrichment or deterrence theory. Aktiebolaget ____________ Electrolux v. Armatron Int'l, Inc., 999 F.2d 1, 5 (1st Cir. ___________________________________ 1993). We also review cost and attorney's fees awards for abuse of discretion. Volkswagenwerk Aktiengesellschaft v. _______________________________________ Wheeler, 814 F.2d 812, 821 (1st Cir. 1987). The affidavit _______ and documentation supporting the request for attorney's fees here provided no detailed, contemporaneous time records, as required by Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 ______________________________ (1st Cir. 1984). Since we have not applied the Grendel's Den _____________ standard in any previous Lanham Act case, we will not reduce or disallow the fee award, as that case recommends. Instead, we remand to the district court, with instructions to provide -2- plaintiff an opportunity to submit detailed, contemporaneous time records. To the extent possible, plaintiff's submissions should identify attorney time expended while pursuing the claim against Silver. Silver should be given an opportunity to respond to plaintiff's submissions. Affirmed in part, vacated in part, and remanded for ________________________________________________________ further proceedings consistent with this opinion. _________________________________________________ -3-